*Law Offices of*
**BONNETT, FAIRBOURN, FRIEDMAN &BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona  85016*
*(602) 274-1100*
*Andrew S. Friedman (005425)*
*afriedman@bffb.com*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brigette Vlahandreas, | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Metropolitan Property and Casualty Insurance Company, a Rhode Island corporation, | **[JURY TRIAL DEMANDED]** |
| Defendant. | |

Plaintiff Brigette Vlahandreas, (hereinafter referred to as "Plaintiff" and "Sales Agent" respectively) for her Complaint against Defendant Metropolitan Property and Casualty Insurance Company ("MetLife") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against MetLife for its unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

2. This action is brought to recover unpaid overtime compensation, liquidated damages and statutory penalties resulting from MetLife's violations of the FLSA.

3. Plaintiff was formerly an Opt-In Plaintiff in Case No. 13-CV-08067-JJT, entitled *James Hazelbaker v. Metropolitan Property and Casualty Insurance Company* ("Hazelbaker action").

4. The Hazelbaker action was filed on March 26, 2013 as an FLSA collective action.

5. The Hazelbaker action was conditionally certified as an FLSA collective action on August 30, 2013.

6. Pursuant to 29 U.S.C. § 216(b), Plaintiff filed her Consent to Opt-In to the Hazelbaker action on April 22, 2013.

7. The Hazelbaker action was eventually decertified as a collective action on October 16, 2014.

8. Upon decertification, the Court in the Hazelbaker action dismissed without prejudice Plaintiff and the other Opt-In Plaintiffs because the Court found that they were not similarly situated to one another.

9. While the Hazelbaker action was pending, Plaintiff's claims against MetLife were tolled.

10. Plaintiff's statute of limitations was tolled, pursuant to Court order dated October 29, 2014, to provide Plaintiff time to file this individual complaint. *See* Case No. CV-13-08067-PCT-JJT at Dkt. 277.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff is employed by MetLife in this District.

## III. PARTIES

13. At all times relevant to the matters alleged herein, Plaintiff Vlahandreas resided in the State of Arizona in Maricopa County.

14. Plaintiff is a full-time, non-exempt employee of MetLife from in or around April 2007 until the present.

15. Plaintiff was employed during her tenure for MetLife as a MetLife Property and Casualty Specialist (aka "Sales Agent").

16. Plaintiff did not work for a predetermined wage but was paid on a commission basis.

17. Defendant MetLife is a Rhode Island corporation, authorized to do business in Arizona. MetLife sells insurance and related products.

18. Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

19. At all relevant times, MetLife was an employer as defined by 29 U.S.C. § 203(d).

### IV. FACTUAL BACKGROUND

20. MetLife is a Rhode Island corporation in the business of selling property and casualty insurance and other related products.

21. MetLife employs Sales Agents, such as Plaintiff, whose principal business is to sell MetLife insurance products from their MetLife regulated offices.

22. Plaintiff was employed by MetLife as a Sales Agent from in or around April 2007 until the present.

23. Plaintiff is paid commissions. Plaintiff also received a semi-monthly draw of $500 per pay period.

24. Plaintiff was not paid at least $455 per week, or the equivalent amount for a period longer than one week, on a salary basis.

25. Plaintiff did not earn total annual compensation in excess of $100,000 per year.

26. Plaintiff performed the primary duty of selling MetLife's insurance products while customarily and regularly performing her duties from her fixed MetLife community sales office.

27. Plaintiff did not exercise discretion and independent judgment as part of her employment at MetLife.

28. Plaintiff sold MetLife products pursuant to strict MetLife policies that she was required to follow in executing the sales of MetLife products.

29. As a non-exempt Sales Agent Plaintiff sold MetLife insurance products pursuant to strict MetLife policies.

30. As a Sales Agent, Plaintiff was hired to open, maintain, and sell property and casualty insurance from her MetLife office in her local community.

31. Plaintiff customarily and regularly engaged in these sales transactions on behalf of MetLife from a fixed MetLife branch office.

32. Plaintiff was required to be in her office during regular business hours and to follow extensive MetLife policies regarding the sales process conducted from her office.

33. Plaintiff completes her sales work from her office utilizing the phone and utilizing MetLife's computer and email system.

34. Plaintiff gives quotes, fills out and submits applications, obtains signatures and payments, and binds insurance for clients and potential clients from her office utilizing MetLife's computerized system.

35. Plaintiff was paid commission based on her sales of MetLife insurance products, as well as a fixed semi-monthly draw of $500 per pay period. Plaintiff did not earn compensation that exceeded $100,000 per year and was not paid at least $455 per week, or the equivalent amount for a period longer than one week, on a salary basis.

36. Plaintiff was therefore a non-exempt employee. Plaintiff does not qualify for the administrative, executive, outside sales, or retail or service exemptions, nor does Plaintiff qualify for any other exemption required to be proven by the employer under the FLSA.

37. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular schedule as a Sales Agent.

38. Plaintiff typically worked at least approximately 50 hours per week during her employment at MetLife as a Sales Agent from in or around April 2007 until the present.

39. Nevertheless, Plaintiff was not paid proper overtime wages at a rate of one and one half times her regular rate of pay for hours worked over forty in a work week in violation of the FLSA.

## V. COUNT ONE

### (Failure to Properly Pay Overtime Wages - FLSA - 29 U.S.C. § 207)

40. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

41. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime pay.

42. MetLife was an employer.

43. MetLife failed to comply with 29 U.S.C. § 207 because Plaintiff worked for MetLife in excess of forty hours per week, but MetLife failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

44. MetLife's failure to pay overtime to Plaintiff was willful. MetLife knew Plaintiff was working overtime but failed to properly investigate the FLSA requirements and pay overtime wages. MetLife had no reason to believe its failure to pay overtime was not a violation of the FLSA.

45. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff prays:

A. For the Court to declare and find that MetLife committed one or more of the following acts:

       i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt into this action;

       ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all overtime compensation due accruing from the date such amounts were due;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award restitution;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

G. For the Court to award pre- and post-judgment interest;

H. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

I. For such other relief as the Court deems just and proper.

## VII.  DEMAND FOR JURY TRIAL

46. Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: October 31, 2014.

        BONNETT, FAIRBOURN, FRIEDMAN
        & BALINT, P.C.


        By  /s/Ty D. Frankel
        Andrew S. Friedman
        Ty D. Frankel
        2325 E. Camelback Road, Suite 300
        Phoenix, Arizona 85016
        Telephone: 602-274-1100
        Facsimile: 602-274-1199
        Attorneys for Plaintiff